IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 5:08-944 |
| vs. ) | |
| ) | |
| Richard Nathaniel Walker, ) | **O R D E R** |
| ) | |
| Defendant. ) | |
| _____) | |

On August 4, 2009, Defendant Richard Nathaniel Walker pleaded guilty to conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine and 5 grams or more of cocaine base, in violation of 21 U.S.C. 846. On February 17, 2010, Defendant was sentenced to incarceration for a term of 188 months. Judgment was entered on February 19, 2010.

This matter is before the court on Defendant's pro se motion to compel the government to file a motion pursuant to Fed. R. Crim. P. 35(b), which motion was filed on November 5, 2015.[1] Defendant asserts that he has rendered unrewarded substantial assistance. The government filed a response in opposition on February 23, 2016. The government contends that Defendant moved at sentencing for a reduction pursuant to U.S.S.G. § 5K1.1, and that Defendant has not cited any unrewarded substantial assistance for which he would be entitled to a further reduction.

Fed. R. Crim. P. 35 gives the government the power, but not the duty, to file a motion when a defendant has substantially assisted. Wade v. United States, 504 U.S. 181, 185 (1992). A federal prosecutor's discretion when exercising that power is subject to constitutional limitations. Id. Federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance

---

[1] Defendant references 18 U.S.C. § 3582(c)(2) in his motion. The court has construed Defendant's motion as seeking a sentence reduction under Amendment 782 of the United States Sentencing Guidelines, as well as seeking a sentence reduction for substantial assistance under Fed. R. Crim. P. 35(b). The court denied the Amendment 782 portion of Defendant's motion by order filed April 22, 2016.

motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Id. at 185-86.  Moreover, a defendant may be entitled to relief only if the prosecutor's refusal to move was not rationally related to any legitimate government end.  Id. at 186.  A defendant must make a "substantial threshold showing" that the government's refusal to file a Rule 35 motion was the consequence of a suspect reason.  Id.  A claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Id.

Defendant has failed to show that the government's failure to file a Rule 35 motion is the consequence of a suspect reason.  Accordingly, Defendant's motion to compel (ECF No. 1981) is **denied**, without prejudice.

Defendant filed a subsequent motion requesting a reduction for substantial assistance on April 6, 2016.  For the reasons stated hereinabove, Defendant's second motion to compel (ECF No. 1997) also is **denied**, without prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

April 27, 2016